John Du Wors, State Bar No. 233913
john@newmanlaw.com
NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone:   (206) 274-2800
Facsimile:    (206) 274-2801

Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com
NEWMAN DU WORS LLP
1900 Powell Street, Sixth Floor
Santa Monica, CA 94608
Telephone:   (415) 944-5422
Facsimile:    (415) 944-5423

Attorneys for Plaintiff
ACCELERIZE, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCELERIZE, INC., a Delaware corporation, | Case No. 15-758 |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| XMISSION, L.C., a Utah limited liability company; XMISSION NETWORKS, LLC, a Utah limited liability company, | |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

1

2    Plaintiff ACCELERIZE, INC., a Delaware corporation, ("Accelerize")

3    hereby alleges for its complaint against Defendants XMISSION, L.C., a Utah

4    limited liability company, and XMISSION NETWORKS, LLC, a Utah limited

5    liability company (collectively, "XMission") on personal knowledge as to its own

6    activities, and on information and belief as to the activities of others, as follows:

7              **I.   NATURE OF THE CASE**

8        1.   XMission contends that its customers received thousands of emails (the

9    "Emails") from Accelerize that violate the federal CAN-SPAM Act of 2003

10   (15 U.S.C. § 7701 et seq.) and/or Section 17529.5 of California's Business &

11   Professions Code ("California's Anti-Spam Law" or "CASL").

12       2.   Accelerize believes that none of the Emails violate CAN-SPAM or CASL.

13   And more importantly, Accelerize did not send or advertise in any of the Emails.

14   Accelerize is a mere software provider of "off-the-shelf" products that allow others

15   to track online advertising campaigns.

16       3.   Accelerize filed this lawsuit to obtain a declaratory judgment that there is

17   neither a legal nor factual basis for XMission's claims.

18          **II.   PARTIES, JURISDICTION AND VENUE**

19       4.   Accelerize is a Delaware corporation with its principal place of business in

20   Newport Beach, California.

21       5.   XMission, L.C. is a limited liability company created under the laws of

22   the State of Utah.

23       6.   XMission Networks, LLC is a limited liability company created under the

24   laws of the State of Utah.

25       7.   This Court has original subject matter jurisdiction under 28 U.S.C. § 1331

26   because XMission's allegations against Accelerize and Accelerize's claims against

27   XMission are both based on the laws of the United States.

28       8.   This Court also has original subject matter jurisdiction under 28 U.S.C.

§ 1332 because the matter in controversy exceeds the sum or value of $75,000 and there is diversity of citizenship between Accelerize and XMission.

9.   Because there is an actual controversy between the parties, this Court further has authority to determine the rights of the parties under 28 U.S.C. § 2201 and FRCP 57. Further relief is warranted under 28 U.S.C. § 2202.

10.   XMission is subject to personal jurisdiction in this Court because it is (1) authorized to transact business in California; (2) has appointed a local agent for service of process; and (3) advertises, markets and sells services within California. XMission is also subject to personal jurisdiction in this Court because it threatened to sue Accelerize for violations of California law.

11.   Venue is proper in this Court under 28 U.S.C. § 1391(b) because this is a judicial district in which a substantial part of the events or omissions allegedly occurred. XMission contends that Accelerize has violated CAN-SPAM Act and California's Anti-Spam Law (or "CASL"). And Accelerize resides in this judicial district. Also, CASL only applies to commercial email advertisements sent to or from a California email address. And it defines a California email address as any address (1) for which bills are sent to a California mailing address, (2) that is ordinarily accessed from a computer located in California, or (3) that is furnished to a California resident.

12.   Venue is also proper in this Court under 28 U.S.C. § 1391(b) because this is a judicial district in which a substantial part of property that is the subject of the action is allegedly situated. XMission's allegations necessarily involve Accelerize's software products, which allow others to track online advertising campaigns. All of Accelerize's property is situated in this judicial district.

## III.  FACTS

13.   On March 5, 2015, XMission's attorney, Evan Schmutz, sent Accelerize a letter (the "Letter") accusing it of violating CAN-SPAM and California's Anti-Spam Law.

14. The Letter was written on behalf of XMission—a purported internet service provider currently launching a series of aggressive spam lawsuits against digital marketing industry participants around the country.

15. The Letter contends the Emails (1) "contain, or are accompanied by, materially false or materially misleading Header information;" (2) "originat[e] from sender domains that were obtained under false or fraudulent pretenses;" and/or (3) "contain a subject line likely to induce a recipient to view the message under false pretenses."

16. The Letter claims that Accelerize is liable for millions of dollars in damages and that "violations" are ongoing.

17. Accelerize did not send or advertise in any the Emails. Accelerize is a mere software provider. It makes software products that allow arms-length customers to track online advertising campaigns. In particular, it provides a hosted software platform that provides tracking, reporting, and distribution for online media platforms (the "Cake platform").

18. Accelerize does not induce its customers to initiate any mails—let alone emails on Accelerize's behalf. Accelerize's products are "off the shelf": they are not created or customized for customer use. Instead, Accelerize's products are akin to Microsoft Office or a computer manufacturer's servers. Accelerize's customers use the Cake platform to track online marketing campaigns just like Microsoft's customers use Microsoft Word to create word processing documents.

19. Because it did not send, advertise in, or procure any of the Emails, Accelerize is not liable under either CAN-SPAM or CASL.

## IV.  FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT – 28 U.S.C. § 2201
### No Violations of 15 U.S.C. § 7701 et seq.

20. Accelerize realleges and incorporates by reference, as if fully alleged herein, each of the allegations contained in the preceding paragraphs of this

1   Complaint.

2       21.  On March 5, 2015, XMission's attorney, Evan Schmutz, sent Accelerize a

3   letter in which he accused Accelerize of violating CAN-SPAM.

4       22.  Specifically, XMission alleges that Accelerize has violated and continues

5   to violate 15 U.S.C. § 7704(a)(1) and that it is due damages pursuant to 15 U.S.C.

6   § 7706(g)(3).

7       23.  Accelerize denies XMission's allegation that it has violated and/or

8   continues to violate CAN-SPAM and denies that it is and/or will become liable to

9   XMission for any damages as the result of its past, present or future conduct.

10      24.  As a result of XMission's allegations against Accelerize and Accelerize's

11  denial of the same, there exists an actual, substantial controversy between the

12  parties of sufficient immediacy and reality to warrant the issuance of a declaratory

13  judgment.

14      25.  An actual and justiciable controversy exists between XMission and

15  Accelerize as to whether XMission's allegations against Accelerize are frivolous. A

16  judicial declaration is necessary and appropriate so that Accelerize may ascertain its

17  rights in relation to XMission.

18
19                    **V.   SECOND CAUSE OF ACTION**
                **DECLARATORY JUDGMENT – 28 U.S.C. § 2201**
20               **No Violations of Cal. Bus. & Prof. Code § 17529.5**

21      26.  Accelerize realleges and incorporates by reference, as if fully alleged

22  herein, each of the allegations contained in the preceding paragraphs of this

23  Complaint.

24      27.  On March 5, 2015, XMission's attorney, Evan Schmutz, sent Accelerize a

25  letter in which he accused Accelerize of violating California's Anti-Spam Law.

26      28.  Specifically, XMission alleges that Accelerize has violated and continues

27  to violate California's Anti-Spam Law and that it is due damages under California's

28  Business and Profession Code, section 17529.5, subd. (b).

29.   Accelerize denies XMission's allegation that it has violated and/or continues to violate California's Anti-Spam Law and denies that it is and/or will become liable to XMission for any damages as the result of its past, present or future conduct.

30.   As a result of XMission's allegations against Accelerize and Accelerize's denial of the same, there exists an actual, substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

31.   An actual and justiciable controversy exists between XMission and Accelerize as to whether XMission's allegations against Accelerize are frivolous. A judicial declaration is necessary and appropriate so that Accelerize may ascertain its rights in relation to XMission.

## VI.   RELIEF REQUESTED

WHEREFORE, Accelerize respectfully requests that judgment be entered in its favor and prays that the Court grant the following relief:

1.   A declaration that Accelerize has not violated the CAN-SPAM Act (15 U.S.C. § 7701 et seq.) as alleged by XMission;

2.   A declaration that Accelerize has not violated California's Anti-Spam Law (Cal. Bus. & Prof. Code, § 17529 et seq.) as alleged by XMission; and

3.   Such further relief as the Court may deem just and proper.

Dated this 14th day of May 2015.

Respectfully Submitted,

NEWMAN DU WORS LLP

By: _____

John Du Wors, State Bar No. 233913
*john@newmanlaw.com*

**5**
COMPLAINT FOR DECLARATORY JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorney for Plaintiff
ACCELERIZE NEW MEDIA, INC.

**COMPLAINT FOR DECLARATORY JUDGMENT**